# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TACOMA BORDEN and ATTALIA BORDEN, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-551 |
| | § | |
| FORT BEND COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to dismiss or for a more definite statement filed by defendants Kloeber, Narinsingh, Rains, Rabius, and Luckstead (the "Medical Defendants").[1] Dkt. 23. After reviewing the motion, response, reply, first amended complaint, and applicable law, the court is of the opinion that the motion should be DENIED.

## I. BACKGROUND AND ARGUMENTS

This case arises primarily from plaintiff Tacoma Borden's time as an inmate in Fort Bend County jail. Dkt. 7. Tacoma Borden suffers from severe epilepsy, and the Bordens contend that Tacoma Borden advised individuals working in the jail that she needed medication to prevent seizures and serious medical conditions that can occur as a result of her seizures, and the personnel ignored her requests, resulting in her having three seizures while confined in jail and suffering

---

[1] The first amended complaint does not provide first names for these defendants. *See* Dkt. 7. Additionally, the instant motion to dismiss is also filed on behalf of Garza, but Garza filed a separate motion to dismiss with a different group of defendants. *See* Dkt. 12. The court has already ruled that the plaintiffs' allegations against Garza under § 1983, which is the issue in the instant motion, are sufficient to overcome Garza's invocation of qualified immunity. Accordingly, the court does not address the claims against Garza in this order.

various medical issues as a result.[2] *Id.* The Bordens contend in the first amended complaint that Kloeber was a nurse practitioner at the jail and Rabius, Rains, Narinsingh, and Luckstead were all jail nurses. *Id.* They specifically state that each of the Medical Defendants is sued in his or her individual capacity, and they allege that each Medical Defendant was personally involved in the inhumane and unsanitary conditions of confinement and denial and delay of medical care and treatment. *Id.* They allege, specifically, that Rabius checked Tacoma Borden's blood pressure after she suffered a seizure and wrote the wrong blood pressure on the form and the wrong time that the seizure occurred. *Id.* Tacoma Borden had to start using a wheelchair after her third seizure, and the plaintiffs contend that the medical personnel at the jail required that Tacoma Borden be placed in the disciplinary tank as long as she had to use a wheelchair. *Id.* The plaintiffs contend that this was either punishment for Tacoma Borden's disability or retaliation against Tacoma Borden for complaining about her care. *Id.* They do not state which of the Medical Defendants was involved in this decision. *Id.*

The Medical Defendants move for dismissal of the claims asserted against them under Federal Rule of Civil Procedure 12(b)(6). Dkt. 23. They assert that the plaintiffs' "incomprehensible and disjointed statements" do not meet federal pleading standards. *Id.* They argue that the plaintiffs merely allege that the Medical Defendants were responsible for defendant Tacoma Borden's medical deprivation of care, and they argue that the facts alleged do not rise above the speculative level. *Id.* They additionally assert that to the extent the plaintiffs are attempting to assert claims against them in their official capacities, these claims must be dismissed because the Bordens cannot maintain claims against the Medical Defendants in their official capacities

---

[2] The Bordens also allege several conditions of confinement issues that are detailed in the court's order on a motion to dismiss filed by other defendants and will not be repeated here. *See* Dkt. 28.

concurrently with claims against Fort Bend County, which is also a named defendant. *Id.* The Medical Defendants request, in the alternative, that the court require the plaintiffs to provide a more definite statement because they contend they are unable to form a responsive pleading. *Id.*

The plaintiffs point out in response that they allege in the first amended complaint that each Medical Defendant deprived Tacoma Borden of her constitutionally protected rights secured by the Fourteenth Amendment while acting under the color of state law. Dkt. 25. They clarify that the claims are brought against the Medical Defendants in their individual capacities because each of the Medical Defendants failed to provide constitutionally adequate medical care to Tacoma Borden and each was deliberately indifferent to Tacoma Borden's serious medical needs. *Id.* The plaintiffs assert that the first amended complaint indicates that the Medical Defendants completely ignored Tacoma Borden's medical needs despite her making numerous requests for her medication to the jail pharmacy. *Id.* According to the first amended complaint, Tacoma Borden did not receive medical attention after her first or second seizures. *Id.* After the third, the first amended complaint states that one or a few of the Medical Defendants, without specifying which, arrived but did not transport her for treatment. *Id.* Additionally, the plaintiffs argue that the first amended complaint states that Rabius attempted to falsify Tacoma Borden's medical records to portray a different narrative than what happened. *Id.*

In reply, the Medical Defendants assert that the plaintiffs must allege that the official was "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and that the official "'must draw that inference.'" Dkt. 26 (quoting *Baughman v. Hickman*, 935 F.3d 302, 307 (5th Cir. 2019)). They assert that the plaintiffs' "lengthy recitation of facts in their First Amended Complaint and response . . . do not support a cause of action against the

[Medical] Defendants." *Id.* They also reassert that they cannot ascertain the plaintiffs' ultimate claims against them and need a more definite statement. *Id.*

## II. LEGAL STANDARDS

### A. Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

### B. Motion for a More Definite Statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, motions for more definite statement are "generally disfavored." *Lehman Bros. Holdings, Inc. v. Cornerstone Mortg. Co.,* No. H-09-0672, 2009 WL

1504977, at *1 (S.D. Tex. May 28, 2009) (Rosenthal, J.) (collecting authorities). "When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Id.*

### III. ANALYSIS

The Defendants assert that the facts alleged do not rise above a speculative level. Dkt. 23. The first amended complaint indicates that each of the Medical Defendants was a nurse or nurse practitioner at the jail who was personally involved in the inhumane and unsanitary conditions of confinement and denial and delay of medical care and treatment outlined in the first amended complaint. Dkt. 7. It states that Tacoma Borden advised that she needed medication so that she would not have seizures but did not receive said medication and thereafter suffered three seizures while confined in the jail, which involved urinating on herself, was not supplied clean undergarments after the seizures, and, after her medical condition deteriorated, had to be in a wheelchair. *Id.* There is no indication which of the Medical Defendants was advised that Tacoma Borden needed the medication or who decided not to or failed to provide it. *See id.* The plaintiffs further allege in the first amended complaint that the medical personnel made the determination that inmates in wheelchairs must be housed in the disciplinary tank, and inmates in the disciplinary tank are treated differently than other inmates, including not having access to the commissary and different phone privileges. *Id.* But it does not say which of the Medical Defendants was involved in this determination. *See id.*

The court agrees with the Bordens that the allegations are more than speculative, as there is a direct connection made in the first amended complaint between the failure to provide Tacoma

5

Borden's medication, despite her requests and warnings about the consequences of not having it, the three severe seizures she suffered while confined in the jail, and the atrocious conditions of confinement alleged. However, the first amended complaint does not provide any information about how each of the Medical Defendants, other than Rabius, was involved in these events. It is unclear whether the Bordens are alleging that each of the Medical Defendants received a request for medication and failed to provide it, and the court is uncertain whether the Bordens are alleging that all of the Medical Defendants treated or failed to treat Tacoma Borden. While some of this information is the type of information that cannot be determined until some discovery is completed, the court finds that the Medical Defendants need more specificity about how each defendant was involved in order to fashion an appropriate response to the Bordens' complaint.

## IV. CONCLUSION

The Medical Defendants' motion to dismiss (Dkt. 23) is DENIED WITHOUT PREJUDICE. Their alternative motion for a more definite statement is GRANTED. The Bordens shall amend their complaint again to provide more information about how each of the Medical Defendants allegedly deprived Tacoma Borden of her constitutional rights. The Bordens shall file their second amended complaint within twenty days of the date of this order.

Signed at Houston, Texas on December 3, 2019.

_____
Gray H. Miller
Senior United States District Judge