**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TACOMA BORDEN, AND ATTALIA BORDEN** | § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | |
| **FORT BEND COUNTY, TEXAS, AND INIVIDUALLY, SHERIFF TROY E. NEHLS, LIEUTENANT J. KOVAR, DEPUTY J. GARZA, DEPUTY D. YOUNGBLOOD DEPUTY D. EDWARDS, DEPUTY T. JAMES DEPUTY T. GARRIQUES, DEPUTY B. GANEY, DEPUTY W. CONGER DEPUTY M. GRAHAM, DEPUTY M. PEDONE, DEPUTY F. BAIN, DEPUTY K. GUIDRY-AUGUST, DEPUTY S. HOLMAN, KLOEBER, NARINSINGH, RAINS, RABIUS, LUCKSTEAD, AND JOHN AND JANE DOE,** | § § § § § § § § § § § § § § § | **CIVIL ACTION NO.: 4:19-cv-00551** |
| *Defendants.* | § | |

**DEFENDANTS' TRADITIONAL AND NO EVIDENCE MOTION FOR**
**SUMMARY JUDGMENT**

Kevin Hedges
Assistant Fort Bend County Attorney
401 Jackson Street, 3rd Floor
Richmond, Texas 77469
[Tel.] (281) 341-4555
[Fax] (281) 341-4557
Kevin.Hedges@fortbendcountytx.gov

## TABLE OF CONTENTS

COVER SHEET ..................................................................................................................... i

TABLE OF CONTENTS.......................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................. iv

 I. PLAINTIFFS' ALLEGATIONS ........................................................................................2

          Summary Judgment Evidence...................................................................................4

II. SUMMARY OF ARGUMENT ..........................................................................................4

III.MOTION FOR SUMMARY JUDGMENT......................................................................4

 A.  PLAINTIFF RECEIVED MEDICAL CARE THAT WAS WITHIN THE STANDARD
    OF CARE DURING HER CONFINEMENT AT THE FORT BEND COUNTY JAIL,
    THEREFORE, DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON
    ALL CLAIMS PREDICATED ON THE ALLEGED LACK OR INSUFFICIENCY OF
    PLAINTIFFS CARE .........................................................................................................4

    Traditional Motion for Summary Judgment.........................................................................4

    No Evidence Motion for Summary Judgment.....................................................................5

              1.  The FBCSO Defendants Invoke Qualified Immunity ...............................5

              2.  Plaintiffs' Allegations are Inadequate to Defeat Qualified Immunity .........6

 B.  PLAINTIFF HAS NO EVIDENCE TO DEFEAT THE INDIVIDUAL FORT BEND
    COUNTY DEFENDANT'S DEFENSE OF QUALIFIED IMMUNITY.............................6

    Individual Capacity.............................................................................................................6

              1.  The FBCSO Defendants Invoke Qualified Immunity................................6

    No Evidence Summary Judgment........................................................................................7

    PLAINTIFFS HAVE NO EVIDENCE OF ESSENTIAL ELEMENTS OF THEIR
    § 1983 CLAIMS AGAINST SHERIFF NEHLS, LT. KOVAR AND FORT BEND
    COUNTY, AND THE FBC DEFENDANTS ARE THEREFORE ENTITLED TO
    SUMMARY JUDGMENT....................................................................................................7

2. Plaintiffs have no Evidence to Hold Defendants Liable Under Section 1983 for Alleged Acts and Omissions of Others….....................8

a. No Vicarious Liability as a Matter of Law..................................................8

b. No evidence of Supervisory Liability............................................................8

c. No Respondeat Superior Liability Against County....................................9

Plaintiffs Do Not Have Evidence of a Specific Policy or Custom that is Constitutionally Unsound........................................................10

No Policy Allegation..................................................................10

No Custom Allegation..................................................................10

d. No County Liability for Failure to Train......................................................11

e. No County Liability for Conditions of Confinement Claim

PLAINTIFFS' HAS NO EVIDENCE TO PROVE HER CLAIM UNDER THE ADA....................................................................11

3. Plaintiffs have no evidence of Intentional Discrimination.........................12

4. Plaintiffs' Have No Evidence to Support their Claim on a Failure to Accommodate Theory..........................................................12

IV. CONCLUSION AND PRAYER......................................................................13

CERTIFICATE OF SERVICE ...........................................................................14

iii

## TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE**

**FEDERAL CASES**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).................................................................................................12

*Ball v. LeBlanc*,
    792 F.3d 584 (5th Cir. 2015) ...................................................................................12

*Bennett v. City of Slidell*,
    728 F.2d 762 (5th Cir. 1984).....................................................................................9

*Connick v. Thomspon*,
    563 U.S. 51 (2011)...................................................................................................11

*Gobert v. Caldwell*,
    463 F.3d 339 (5th Cir. 2006) ....................................................................................7

*Goodman v. Harris Cnty.*,
    571 F.3d 388 (5th Cir. 2009)  ...............................................................................9, 11

*Gonzalez v. Ysleta Independent School* District,
    996 F.2d 745 (5th Cir. 1993).....................................................................................9

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982)...................................................................................................6

*Henry v. N. Tex. State Hosp.*,
    No. 712-cv-00198-o, 2013 WL 3870288 at *4 (N.D. Tex. Jul. 13, 2013)........................12

*Malley v. Briggs*,
    475 U.S. 335 (1986)...............................................................................................6–7

*McClendon v. City of Columbia*,
    305 F.3d 314 (5th Cir. 2002) (en banc)......................................................................7

*Meadowbriar Home for Children, Inc. v. Gunn*,
    81 F.3d 521 (5th Cir. 1996) ......................................................................................9

*Melton v. Dallas Rapid Transit*,
    391 F.3d 669 (5th Cir. 2004) ..................................................................................12

*Monell v. Dep't of Soc. Servs.*,
    436 U.S. 658 (1978) ...................................................................................................9

*Morgan v. Swanson*,
    659 F.3d 359 (5th Cir. 2011) ....................................................................................6

*Pearson v. Callahan*,
    555 U.S. 223 (2009)...................................................................................................7

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) ................................................................................9, 10

*Saucier v. Katz*,
    533 U.S. 194 (2001)...................................................................................................7

*Schultea v. Wood*,
    47 F.3d 1427 (5th Cir. 1995) (en banc).....................................................................7

*Smith v. Brenoettsy,*
    158 F.3d 908 (5th Cir. 1998) .................................................................................9, 11

*Thompson v. Upshur Cnty.*,
    245 F.3d 447 (5th Cir. 2001) .....................................................................................8

*Thompkins v. Belt*,
    828 F.2d 298 (5th Cir. 1987) .....................................................................................8

*Windham v. Harris Cnty., Tex.,*
    875 F.3d 229 (5th Cir. 2017) ....................................................................................12

## OTHER FEDERAL AUTHORITIES

42 U.S.C. § 1983 ...........................................................................................................*passim*

Fed. R. Civ. P. 12(b)(6)..............................................................................................3, 12

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **TACOMA BORDEN, AND ATTALIA BORDEN** | § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | |
| **FORT BEND COUNTY, TEXAS, AND INIVIDUALLY, SHERIFF TROY E. NEHLS, LIEUTENANT J. KOVAR, DEPUTY J. GARZA, DEPUTY D. YOUNGBLOOD DEPUTY D. EDWARDS, DEPUTY T. JAMES DEPUTY T. GARRIQUES, DEPUTY B. GANEY, DEPUTY W. CONGER DEPUTY M. GRAHAM, DEPUTY M. PEDONE, DEPUTY F. BAIN, DEPUTY K. GUIDRY-AUGUST, DEPUTY S. HOLMAN, KLOEBER, NARINSINGH, RAINS, RABIUS, LUCKSTEAD, AND JOHN AND JANE DOE,** | § § § § § § § § § § § § § § | **CIVIL ACTION NO.: 4:19-cv-00551** |
| *Defendants.* | § § | |

**DEFENDANTS' TRADITIONAL AND NO EVIDENCE MOTION FOR
SUMMARY JUDGMENT**

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure 56, Defendants Fort Bend County (the "County"), Sheriff Troy E. Nehls ("Sheriff Nehls"), Deputy Sheriff Lieutenant J. Kovar ("Lt. Kovar"), Deputy Sheriff D. Youngblood ("Deputy Youngblood"), Deputy Sheriff D. Edwards ("Deputy Edwards"), Deputy Sheriff T. Garriques ("Deputy Garriques"), Deputy Sheriff B. Ganey ("Deputy Ganey"), Deputy Sheriff W. Conger ("Deputy Conger"), Deputy Sheriff M. Graham ("Deputy Graham"), Deputy Sheriff M. Pedone ("Deputy Pedone"), Deputy Sheriff F. Bain ("Deputy Bain"), Deputy Sheriff K. Guidry-August ("Deputy Guidry-August"), Deputy Sheriff S. Holman ("Deputy Holman"), (collectively FBC Defendants), file this Traditional and No Evidence Motion for Summary Judgment and would show the Court as follows:

## I.    PLAINTIFFS' ALLEGATIONS

Tacoma Borden ("Borden") was arrested for an outstanding warrant on April 29, 2018, and was subsequently released on May 09, 2018. [Second Amended Complaint, "SAC" ¶ 45, 87.] During this time, Borden was an inmate at the Fort Bend County Jail ("County Jail").

Borden alleges that the FBC Defendants ignored her medical needs and denied her adequate medical treatment. [SAC ¶ 2-167]. She pleads that she told the FBC Defendants that she suffered seizures and was prescribed medication for them. *Id*. She also asserts that Defendants ignored her repeated requests for her prescribed medication, but "[i]nstead[,] as a matter of policy[,] . . . provided her with two mats, one for her bed, and the other for the floor in case she had a seizure." [SAC ¶ 49.]

Borden alleges that the County "maintained various policies and practices" calculated to "maximize [] profits by inadequately staffing the Jail with personnel ill-equipped to identify and handle serious medical emergencies." [SAC ¶ 3.] She claims that "because [the County] conducts its

business in the manner it does, numerous people have been significantly injured . . . because they did not receive basic medical care or were subjected to unsafe conditions while in the Defendants' custody. [SAC ¶ 6.] Plaintiffs fail to allege any particular or specific similar incidents with other former or current inmates.

Throughout the SAC, Borden makes conclusory allegations regarding a custom or formal policy of the FBC Defendants. She alleges a custom of "indifference to inmates' humanity and constitutional rights that permeates throughout the [County Jail and] creates a significant risk of injury for any person in their custody . . . [that] can be life-threatening for persons with medical conditions because [the County Jail] does not provide for the most basic medical needs of the individuals in their custody." [SAC ¶ 7.] Borden contends that "there is an official policy in place or widespread practice at the [County Jail] to deny or delay medical care and legal prescriptions for inmates with preexisting conditions, [and that] [t]here is an official policy in place or persistent and widespread practice of denying inmates with preexisting medical conditions, including epilepsy, measures for preventative care, adequate monitoring, seizure-safe housing. . ." [SAC ¶96-97.] Without specifying the policy, Borden alleges that "there is an official policy or widespread practice of housing inmates with serious medical needs in a disciplinary tank – without regard to their disciplinary history [and that such] policies discriminate against persons with disabilities." [SAC ¶ 102.]

Based on the foregoing factual allegations, Plaintiffs currently allege: (1) civil rights violations under section 1983; and (2) violations of the Americans with Disability Act. The Court previously granted Defendants' 12(b)(6) motion, in part, dismissing Plaintiffs' other claims. The discovery period ended on February 12, 2021. Dkt 53. Plaintiff has had a reasonable time for discovery in which to develop facts, if any existed, in support of her case.

**SUMMARY JUDGMENT EVIDENCE**

The Fort Bend County Defendants rely on the following Summary Judgment evidence:

Exhibit A – Declaration and Report of Steven M. Croft, M.D.

Exhibit B - Affidavit of William Pailes with attached record.

## II.    SUMMARY OF ARGUMENT

The Court should grant Defendants' Summary Judgment or dismiss Plaintiffs' claims in

the First Amended Complaint for the  following reasons:

(1) Plaintiff received medical care that was within the standard of care during her confinement at the Fort Bend County Jail, therefore, Defendants are entitled to summary judgment on all claims predicated on the alleged lack or insufficiency of Plaintiffs care;

(2) Plaintiff has no evidence to defeat the FBC Defendants' qualified immunity defense therefore, Defendants are entitled to summary judgment;

(3) Plaintiff has no evidence to hold Defendants Sheriff Nehls and Lt. Kovar liable for the alleged acts and omissions of others therefore, Defendants are entitled to summary judgment;

(4) Plaintiff has no evidence of an unconstitutional policy or custom approved by an authorized policy maker that was the moving force behind any constitutional violation by the Defendants therefore, Defendants are entitled to summary judgment on all claims predicated on the alleged policy or custom;

(5) Plaintiff has no evidence of violation of the ADA based on an intentional discrimination or failure to accommodate theory therefore, Defendants are entitled to summary judgment on all claims under the ADA.

## III.    MOTION FOR SUMMARY JUDGMENT

**A. PLAINTIFF RECEIVED MEDICAL CARE THAT WAS WITHIN THE STANDARD OF CARE DURING HER CONFINEMENT AT THE FORT BEND COUNTY JAIL, THEREFORE, DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON ALL CLAIMS PREDICATED ON THE ALLEGED LACK OR INSUFFICIENCY OF PLAINTIFFS CARE.**

**Traditional Motion for Summary Judgment.**  During the time that Plaintiff Tacoma Borden

was confined in the Fort Bend County Jail, her medical care met the standard of care with regard to

her seizure disorder.  Exhibit "A," Declaration and Report of Steven M. Croft, M.D., page 2.  It was

4

also Dr. Croft's opinion that Ms. Borden suffered no significant injury as a result of any seizures that she suffered while in the Fort Bend County Jail. *Id.* Dr. Croft is a licensed physician who is Board Certified by the American Board of Psychiatry and Neurology, Certificate 37927. *Id.* pages 1 and 3. He carefully reviewed Plaintiff's records from CVS Pharmacy, Wellpath, Harris Health System, Memorial Hermann, Retinal Consultants, Texas State Optical, History of Jail narratives and Sargent Youngblood reply to grievance from Inmate Thompson. *Id.*, page 1 of report. His opinions are based upon his knowledge, education, training and experience, are supported by the records he reviewed and are based upon reasonable medical probability. *Id.* Declaration.

During the time of Plaintiff's detention in the Fort Bend County Jail, she was provided with four pairs of panties and four sanitary pads. Exh. "B," Affidavit of William Pailes with one page of Commissary business records attached.

Based upon Dr. Croft's Declaration and attachments, Defendants have negated an essential element of Plaintiffs' claims that are predicated on a failure to provide adequate health care, and are therefore entitled to a traditional summary judgment on those claims.

Based upon Sergeant Pailes affidavit, Defendants have negated an essential element of Plaintiffs claims that are predicated on a failure to provide sanitary pads and panties and are therefore entitled to a traditional summary judgment on those claims.

**No Evidence Motion for Summary Judgment.**

Plaintiff has no evidence that she failed to receive medical care at the Fort Bend County jail. Plaintiff has no evidence that medical care that she received at the Fort Bend County Jail fell below the standard of care for the medical care provided. Plaintiff has no evidence that she suffered any injury as a result of any act or omission of Defendants with regard to her medical care at the Fort Bend County Jail. Plaintiff has no evidence that she was denied sanitary napkins and panties at the

Fort Bend County Jail. As a result, the Fort Bend County defendants are entitled to judgment as a matter of law on all claims that are predicated on inadequate medical care or failure to provide sanitary napkins and panties.

### B. PLAINTIFF HAS NO EVIDENCE TO DEFEAT THE INDIVIDUAL FORT BEND COUNTY DEFENDANT'S DEFENSE OF QUALIFIED IMMUNITY

Plaintiffs' SAC sues the individual named FBC Defendants in their individual capacity. [FAC ¶ 11-28.] Individual-capacity suits seek to impose liability upon a governmental official as an individual.

**Individual Capacity**

Defendants are entitled to summary judgment on Plaintiffs' § 1983 claim against Sheriff Nehls, Lt. Kovar, Deputy Garza, Deputy Youngblood, Deputy Edwards, Deputy Garriques, Deputy Ganey, Deputy Conger, Deputy Graham, Deputy Pedone, Deputy Bain, Deputy Guidry-August, and Deputy Holman in their individual capacity (collectively "FBCSO Defendants") because (1) Plaintiffs have no evidence of specific facts to overcome their qualified immunity, and (2) Plaintiffs have no evidence to establish a violation of a constitutional right by each FBSCO Defendant.

#### 1. The FBCSO Defendants Invoke Qualified Immunity

The FBCSO Defendants are entitled to qualified immunity from Plaintiffs' § 1983 claims. The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011). "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). As a matter of public policy, this immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley*

6

*v. Briggs*, 475 U.S. 335, 341 (1986). A claim for qualified immunity requires the Court to engage in the well-established two-step analysis developed by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001). A plaintiff seeking to defeat qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Saucier* at *201*. Courts have discretion to decide which prong of the qualified-immunity analysis to address first. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009).

**No Evidence Summary Judgment**. Plaintiffs have the burden to prove the inapplicability of qualified immunity. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). In order to defeat each individual FBSCO defendant's qualified immunity defense, Plaintiffs must prove (1) that each individual defendant had actual knowledge that Borden faced "a substantial risk of serious harm," and (2) that each defendant acted "with deliberate indifference to that risk." *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006). Separate facts need to be proved for each of the named FBCSO Defendants. *See Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc).

Plaintiffs have no evidence as to each individual FBCSO defendant that the individual FBCSO defendant had actual knowledge that Borden faced a substantial risk of serious harm as a result of any act or omission of each FBCSO defendant. Plaintiffs have no evidence that each defendant acted with deliberate indifference to the risk of serious harm. Therefore, the individual FBCSO Defendants are entitled to summary judgment on their affirmative defense of Qualified Immunity.

**PLAINTIFFS HAVE NO EVIDENCE OF ESSENTIAL ELEMENTS OF THEIR § 1983 CLAIMS AGAINST SHERIFF NEHLS, LT. KOVAR AND FORT BEND COUNTY, AND THE FBC DEFENDANTS ARE THEREFORE ENTITLED TO SUMMARY JUDGMENT.**

The Court should grant summary judgment on the § 1983 claims against Sheriff Nehls, Lt.

7

Kovar, and the County because Plaintiffs' amended complaint fails to allege facts that would entitle them to relief against these defendants under § 1983.

### 2. Plaintiffs have no Evidence to Hold Defendants Liable Under Section 1983 for Alleged Acts and Omissions of Others

Plaintiffs have no evidence that any defendant (1) failed to adopt policies regarding providing medical care to inmates with an imminent risk of medical emergency; (2) were deliberately indifferent to Plaintiff's serious medical needs, (3) failed to adopt policies regarding providing medical care and minimal civilized measures of basic needs to inmates with medical conditions that effect the inmates continence, (4) failed to adopt adequate hiring, training and supervisory policies regarding treatment, handling and accommodations of inmates with preexisting conditions causing incontinence, (5) Caused Ms. Borden's sentences to run consecutively instead of concurrently, (6) failed to train or supervise the subordinate jail and/or medical staff and officers. Plaintiffs have no evidence that any policy, custom or procedure of Defendants is Constitutionally unsound.

#### a. No Vicarious Liability as a Matter of Law.

Under § 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). No FBC defendant can be held vicariously liable under § 1983 simply because they supervised any of the named Defendants as a matter of law.

#### b. No evidence of Supervisory Liability

To state a claim for supervisory liability, Plaintiffs must prove that "(1) the supervisor either failed to supervise or train the subordinate official; (2) there is a causal link between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or

8

supervise amounts to deliberate indifference." *Goodman,* 571 F.3d at 395 (quoting *Smith v. Brenoettsy,* 158 F.3d 908, 911-12 (5th Cir. 1998)).   Plaintiff has no evidence that (1) any FBC supervisor failed to supervise or train any subordinate official; (2) there is a causal link between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.

### c.  No Respondeat Superior Liability Against County

A governmental entity cannot be held liable under § 1983 unless the government has a policy or custom that violated the plaintiff's civil rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipality may not be held liable for its employees conduct pursuant to a theory of respondeat superior under federal law; rather, the plaintiff has the burden of proving that there was a constitutional deprivation and that municipal policy was the driving force behind the constitutional deprivation. *Monell,* 436 U.S. at 691. Isolated unconstitutional actions by governmental employees will almost never trigger liability. *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984)). Assertion of a claim based upon existence of an official policy or custom requires a plaintiff to prove that: (1) a policy or custom existed; (2) the governmental policymakers actually or constructively know of its existence; (3) a constitutional violation occurred; and (4) the custom or policy served as the moving force behind the violation. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996). While "[o]fficial policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations," it "may also be evidenced by custom." *Piotrowski* at 578. In order for municipal  liability to attach, there must be a conscious decision by the County to violate the Constitution. *Gonzalez v. Ysleta Independent School* District, 996 F.2d 745, 759 (5th Cir. 1993).

Plaintiff has no evidence that: (1) a Constitutionally unsound policy or custom existed; (2) the governmental policymakers actually or constructively know of its existence; (3) a constitutional violation occurred;  (4) the custom or policy served as the moving force behind the violation; and (5) that the County consciously decided to violate the Constitution..

### Plaintiffs Do Not Have Evidence of a Specific Policy or Custom that is Constitutionally Unsound.

Plaintiffs' have no evidence that a specific official policy, practice  or custom implemented by the County that was the moving force behind Borden's alleged denial  and/or  delay  of  medical assistance.

### No Policy Allegation

Plaintiffs have no evidence of a specific policy flaw, and no evidence that connects any specific  policy  flaws  to a constitutional  violation.  Plaintiffs have  no evidence of a  persistent and widespread practice rising to the level of a municipal policy. Plaintiffs' have no evidence of the requisite pattern and practice necessary for County liability  Therefore, Defendants are entitled to summary judgment.

### No Custom Allegation

In the absence of a facially unconstitutional policy, municipal liability under § 1983 cannot arise from a custom having the force of official policy unless the municipal policymakers were deliberately indifferent to the "known or obvious consequences that constitutional violations would result" from the custom. *Piotrowski*, 237 F.3d 579.

Plaintiffs have no evidence of any custom that Fort Bend County policy makers were deliberately indifferent to the known or obvious consequences that constitutional violations would result from.

### d. No County Liability for Failure to Train

In a § 1983 claim for failure to supervise or train, a plaintiff must prove that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Goodman,* 571 F.3d at 395 (quoting *Smith v. Brenoettsy,* 158 F.3d 908, 911-12 (5th Cir. 1998). A "pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train" or supervise. *Connick v. Thomspon*, 563 U.S. 51, 62 (2011). "Without notice that a course of training is deficient in a particular respect, decision makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.*

Plaintiff has no evidence that (1) any FBC supervisor failed to supervise or train any subordinate official; (2) there is a causal link between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.

### e. No County Liability for Conditions of Confinement Claim

Plaintiff has no evidence of unconstitutional "conditions of confinement."

Because Plaintiff has no evidence to prove every element of at least one theory of liability against any Defendant under § 1983, the FBC defendants should be granted summary judgment on Plaintiffs' claims under § 1983.

### PLAINTIFFS' HAS NO EVIDENCE TO PROVE HER CLAIM UNDER THE ADA.

In order to state an ADA claim, Plaintiffs must prove discrimination by showing: (1) that she is a qualified individual within the meaning of the ADA; (2) that she is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity

11

is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of her disability. *Melton v. Dall. Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004).

### 3. Plaintiffs have no evidence of Intentional Discrimination.

Plaintiffs' conclusory allegations of discrimination, such conclusory assertions without factual support are insufficient to state a claim for relief. *See Henry v. N. Tex. State Hosp.*, No. 712-cv-00198-o, 2013 WL 3870288 at \*4 (N.D. Tex. Jul. 13, 2013) (granting Rule 12(b)(6) motion where plaintiff's alleged discrimination but failed to provide facts to demonstrate that the plaintiff was treated differently or that the alleged denial of services was due to plaintiff's disability) (citing *Ashcroft v. Iqbal*, 556 U.S. 678). Plaintiff has no evidence that she was treated differently or denied services due to a disability. The Court should therefore grant Defendants' summary judgment on Plaintiffs' claims for intentional discrimination.

### 4. Plaintiffs' Have No Evidence to Support their Claim on a Failure to Accommodate Theory

The Fifth Circuit has recognized that a public entity's failure to reasonably accommodate the known limitations of persons with disabilities may constitute disability discrimination under Title II of the ADA. *Windham v. Harris Cnty.*, Tex., 875 F.3d 229, 235 (5th Cir. 2017). In order to maintain a failure-to-accommodate claim, however, Borden must prove that (1) she was a qualified individual with a disability; (2) the disability and its consequential limitations were known by the public entity; and (3) the entity failed to make reasonable accommodations. *Windham*, 875 F.3d at 336 n.8 (citing *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015)). Plaintiff has no evidence that Fort Bend County failed to make reasonable accommodations for Plaintiff.

12

## IV.   CONCLUSION AND PRAYER

Defendants are entitled to summary judgment on all of Plaintiffs' claims because (1) the summary judgment evidence establishes that her medical treatment while she was detained in the Fort Bend County Jail was adequate and within the standard of care, (2) Plaintiffs' lack evidence on at least one required element of every theory of liability that they assert, and (3) Plaintiffs lack evidence that overcomes the individual Defendants' qualified immunity defense.

Therefore, the Fort Bend County Defendants pray that they be granted summary judgment on all claims against them asserted by Plaintiffs and for such other and further relief to which they have shown themselves to be justly entitled.

DATED:  February 26, 2021                                    Respectfully Submitted,


/s/ Kevin Hedges
Kevin Hedges
Assistant Fort Bend County Attorney
SBN: 09370100
Federal ID No.: 9939
401 Jackson Street, 3rd Floor
Richmond, Texas 77469
(281) 341-4555
(281) 341-4557 Facsimile
Kevin.Hedges@fortbendcountytx.gov
ATTORNEY IN CHARGE FOR DEFENDANTS

FORT BEND COUNTY, TEXAS,
TROY NEHLS, JEFF KOVAR,
D. YOUNGBLOOD, D. EDWARDS,
T. GARRIQUES, B. GANEY, W. CONGER,
M. GRAHAM, M. PEDONE, F. BAIN,
K. GUIDRY-AUGUST, S. HOLMAN

# CERTIFICATE OF SERVICE

I hereby certify that on this day that the foregoing document was served on all other counsel of record via CM/ECF.

DATED:  February 26, 2021

/s/ Kevin Hedges
Kevin Hedges

14